UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. _____

Zoia Tsoleridis,
Plaintiff

v.

Loon Mountain Recreation Corporation
Defendant

**COMPLAINT AND REQUEST FOR JURY TRIAL**

NOW COMES Zoia Tsoleridis, by and through her attorneys, Boynton, Waldron, Doleac, Woodman & Scott, P.A., and hereby submits this Complaint and Request for Jury Trial, stating in support thereof as follows:

**I. PARTIES**

1. Plaintiff Zoia Tsoleridis is an individual residing at 102 Captain Crosby Road, Centerville, MA 02632.

2. Defendant Loon Mountain Recreation Corporation is a New Hampshire Corporation with its principal office address at 60 Loon Mountain Road, Lincoln, NH 03251.

**II. JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, premised on the parties' diversity of citizenship. Plaintiff is a citizen of Massachusetts. Defendant is a citizen of New Hampshire. The amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court, as it is the district within which the plaintiff resides.

### III. ALLEGATIONS COMMON TO ALL COUNTS

5. On the weekend of Saturday, February 11, 2023, Ms. Tsoleridis and her family were vacationing at the Loon Mountain Ski Resort, which is owned and operated by the defendant.

6. Their group included Ms. Tsoleridis' nieces and nephews, who are young children.

7. Ms. Tsoleridis lives on the Cape in Massachusetts.

8. The defendant advertises its services to Massachusetts residents.

9. Ms. Tsoleridis and her family chose to go to Loon because it offered activities other than skiing that the children could participate in, including snow tubing.

10. The group attempted to purchase passes to the tubing hill. They were told that the adult passes were sold out but that they could purchase passes for the children, which they did.

11. Upon arriving at the tubing hill, they encountered one Loon employee. There were no adults on the larger hill, and the lift was not operating.

12. The employee explained that the hill had been booked, but that the group that reserved it did not show up and therefore they had not turned on the lift.

13. This employee invited the adults to go tubing since the other group had not shown up, explaining that they could walk up the hill.

14. The employee gave Ms. Tsoleridis and the other adults "tot tubes" to use, explaining that he did not have adult size tubes to give them.

15. He did not explain that the tot tubes did not have brakes as the adult tubes do.

16. The defendant's own rules prohibit its employees from providing tot tubes to adults.

17.     Ms. Tsoleridis had never been to this tubing hill before. She relied on Loon employees to provide her with proper equipment and instruction. She had no notion of the danger she was being put in.

18.     Ms. Tsoleridis walked up the hill as instructed and began to ride down in the tot tube that was given to her.

19.     Because she was given a tot tube with no brakes, Ms. Tsoleridis was unable to reduce her speed at the bottom of the hill.

20.     There is a berm at the bottom of the hill that is intended to stop riders. Instead of stopping Ms. Tsoleridis, it served as a jump that launched her into the air.

21.     Ms. Tsoleridis suffered catastrophic injuries when she impacted the ground, including a Traumatic Brain Injury, an Aortic Aneurysm, two (2) broken arms, and a broken jaw. She had to be airlifted to Dartmouth Hitchcock Medical Center where she stayed in the ICU for an extended period.

22.     Ms. Tsoleridis' injuries have required multiple surgeries, and she continues to recover from these injuries.

23.     It is for these injuries that she now seeks to recover damages.

### IV. CAUSES OF ACTION

#### COUNT I – NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

24.     Plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

25.     The defendant owed Ms. Tsoleridis a duty of reasonable care including, but not limited to, the duty to provide her with proper instruction, the duty to provide her with proper equipment,

and the duty to provide her with complete and accurate information about the tubing hill and equipment.

26. The defendant breached this duty by, *inter alias*, giving Ms. Tsoleridis a tot tube instead of an adult tube, by failing to advise her of the dangers presented by using a tot tube, by failing to advise her of the need to slow her speed at the bottom of the hill, by failing to inform her that Loon has rules that prohibit them from giving tot tubes to adults.

27. Loon breached its duties by, *inter alias*, failing to properly train and supervise its employees, failing to adequately staff the tubing hill, in failing to turn on the lift, and in failing to make adult tubes available to guests.

28. Loon breached its duties by, *inter alias*, instructing Ms. Tsoleridis that she could go down the hill in a tot tube and in representing to her that it was safe to do so.

29. The defendant's acts and omissions were the legal, factual, and proximate cause of Ms. Tsoleridis' injuries.

30. As a result of the defendant's negligent acts and omissions, Ms. Tsoleridis was severely injured. Her injuries include, but are not limited to, numerous damages and losses, serious personal injury, severe physical and bodily injuries, extreme pain and suffering, numerous medical procedures and therapies, large and continuing medical expenses, lost wages, emotional distress and mental anguish, loss of enjoyment of life, and the costs and expenses of litigation.

## COUNT II – BREACH OF WARRANTY

31. Plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

32.     The tot tube is a "good" within the meaning of RSA 382-A:2-105, 2-314, 2-315, 2A-212, and 2A-213.

33.     The defendant is a "merchant" within the meaning of RSA 382-A:2-104, in that the defendant is in the business of operating a tubing hill and providing tubes to its patrons.

34.     The tot tube was not merchantable or suitable to its intended purpose, and thus in violation of RSA 382-A:2-314, 2-215, 2A-212, and 2A-213.

35.     As a result of the defendant's breaches of these warranties, Ms. Tsoleridis was severely injured as set forth herein.

## COUNT III – STRICT LIABILITY

36.     Plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

37.      The tot tube is a product within the meaning of the Restatement (Second) of Torts § 402A.

38.     The defendant is in the business of providing tubes to its patrons.

39.     The defendant provided a tot tube to the plaintiff.

40.     The tot tube was unreasonably dangerous for use by an adult such as Ms. Tsoleridis.

41.     The defendant knew of this unreasonably dangerous condition.

42.     Ms. Tsoleridis was not aware of the unreasonable danger presented by the tot tube.

43.     As a result of the defendant providing Ms. Tsoleridis with an unreasonably dangerous tot tube, she was severely injured as set forth herein.

44.     The defendant's acts and omissions were the legal, factual, and proximate cause of Ms. Tsoleridis' injuries.

## COUNT IV – VIOLATION OF THE CONSUMER PROTECTION ACT

45. Plaintiff incorporates by reference the preceding paragraphs as though fully repeated and realleged herein.

46. The New Hampshire Consumer Protection Act makes it unlawful for an entity to use "any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce in this state." RSA 358-A:2

47. The defendant violated RSA 358-A by engaging in unfair and deceptive acts and practices in the conduct of trade and commerce in New Hampshire.

48. The unfair and deceptive acts and practices in which the defendant engaged include, but are not limited to: representing that its goods and services had characteristics, uses or benefits that they did not have, and representing that its goods and services were of a particular standard, quality or grade when they were not, and by providing an unreasonably dangerous product to the plaintiff. See RSA 358-A:2 V, VII.

49. The defendant's acts and omissions reflect a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce. See Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 24, 164 A.3d 990, 995 (2017).

50. Specifically, the defendant violated it duties to Ms. Tsoleridis by, *inter alias*, providing her with a tot tube that was not safe for her to use, by failing to make an adult tube available to her, by failing to advise her of the risks of using a tot tube instead of an adult tube, by failing to inform her that Loon has rules that prohibit them from giving tot tubes to adults, by failing to advise her of the need to slow her speed at the bottom of the hill, and by representing to her that it was safe for her to use the tot tube when it was not.

51. The defendant's acts and omissions were done willfully and knowingly.

52. As a result of the defendant's negligent acts and omissions, Ms. Tsoleridis was severely injured as set forth herein.

53. The defendant's acts and omissions were the legal, factual, and proximate cause of Ms. Tsoleridis' injuries.

### V. JURY TRIAL

54. Plaintiff respectfully demands a trial by jury on all issues so triable.

WHEREFORE, the plaintiff prays this Honorable Court:

    A. Allow the entry of judgment consistent with the jury's determination on all claims and with the determination for full and fair compensation in favor of the plaintiff as allowed by law and equity, plus interest and costs;

    B. Order payment of double or treble damages, plus attorney's fees and costs; and

    C. Order all such other relief as equity and justice require.

Respectfully submitted,

Zoia Tsoleridis

By her attorneys,

BOYNTON, WALDRON, DOLEAC,
    WOODMAN, & SCOTT, P.A.

Dated: October 3, 2023    By:    /s/ Michael H. Darling
Christopher E. Grant, BBO #551592
Michael H. Darling, BBO #689045
82 Court Street
Portsmouth, NH 03801
(603) 436-4010